UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIREH BOZORGI and DAVID-WYNN: MILLER,<br><br>    Plaintiffs,<br>v.<br><br>WORLD SAVINGS BANK, FSB,<br><br>    Defendant. | Civil No. 12-cv-0434-JAH (DHB)<br><br>**ORDER DISMISSING COMPLAINT; DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND DENYING DEFENDANT'S MOTION TO DISMISS** |

  On February 17, 2012, Plaintiffs, non-prisoners proceeding pro se, filed a complaint and submitted a $350 check to pay the filing fee required to initiate a civil case. (Dkt. No. 1.) That check was returned unpaid, and, on March 12, 2012, the Clerk of Court issued a notice stating that if Plaintiffs wished to proceed they would need to submit a cashier's check or money order for $403, which would cover the required filing fee and the $53 returned check fee. (Dkt. No. 4.) On March 15, 2012, plaintiff Monireh Bozorgi ("Bozorgi") filed a motion to proceed in forma pauperis. (Dkt. No. 5.) Plaintiff David-Wynn: Miller ("Miller") has neither paid the required fees nor moved to proceed in forma pauperis.

  Notwithstanding Plaintiffs' failure to pay the required filing fee and or obtain leave to proceed in forma pauperis, Defendant filed a motion to dismiss pursuant to the Federal Rules of Civil Procedure, Rules 8 and 12. (Dkt. No. 7.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  See 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Section 1915 mandates that a court reviewing a complaint filed pursuant to the in forma pauperis provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedures, Rule 4(c)(2).  Lopez, 203 F.3d at 1127.

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.  Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pled, the Court finds Plaintiffs' complaint fails to state a claim upon which relief can be granted. Plaintiffs' complaint consists of eleven pages of indecipherable and nonsensical words and symbols, followed by thirteen pages of documents that Plaintiffs have marked with a series of numbers, which apparently stand for various parts of speech.

This Court's review of the complaint reveals that nothing in Plaintiffs' complaint can be reasonably construed as presenting a cognizable claim for relief. Therefore, as to Bozorgi, the complaint must be dismissed sua sponte pursuant to section 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Because the complaint must be dismissed, Bozorgi's request to proceed in forma pauperis is moot. Further, because Miller has failed to pay the required filing, the complaint must also be dismissed as to Miller. Lastly, Defendant's motion to dismiss is also moot.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The instant complaint is **DISMISSED WITHOUT PREJUDICE**;
2. Bozorgi's motion to proceed in forma pauperis is **DENIED AS MOOT**; and
3. Defendant's motion to dismiss is **DENIED AS MOOT**.

Dated: April 11, 2012

_____
JOHN A. HOUSTON
United States District Judge